Valentín, Demandante y Apelante, *v.* Torres, Demandado
y Apelado.

Apelación procedente de la Corte de Distrito de Mayagüez
en pleito sobre nulidad y otros extremos.

No. 1917.—Resuelto en julio 31, 1919.

Venta—Incapacidad Mental.—Es nula y sin ningún valor la venta hecha por
una persona que al hacerla está tan intoxicada y deprimida en sus facultades
que mentalmente se encuentra incapacitada para otorgar una escritura.

Id.—Causa del Contrato—Prueba de la Falta de Causa.—La persona que
ataca una venta hecha por escritura pública está en la obligación de probar
la falta de causa del contrato.

Id.—Testigos en Escrituras Públicas.—Puede ser testigo en la escritura el
concuñado del notario ante quien se otorga aquélla.

Id.—Id.—Impugnación de la Veracidad de un Testigo.—No puede impugnarse
la veracidad de un testigo al cual se ha permitido que declare sin formularse
objeción ni ser repreguntado, mediante prueba de refutación relativa a su
incapacidad mental.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. Luis Montalvo Guenard.*

Abogado del apelado: *Sr. José Sabater.*

El Juez Asociado Sr. Wolf, emitió la opinión del tri-
bunal.

Habiendo alegado la apelante que la propiedad en cues-
tión era ganancial, el apelado presentó prueba tendente a
acreditar que la propiedad había sido adquirida por su ce-
sionario, el supuesto marido, por herencia de la madre de este
último. La corte inferior al parecer estuvo satisfecha con
esta prueba, y a falta de algún otro error también lo esta-
mos nosotros.

En la demanda en este caso no solamente se alegaba que
la propiedad que se trataba de recobrar era ganancial, sino
también que al hacer el padre de la demandante la venta
al apelado estaba tan intoxicado y deprimido en sus facul-
tades, que mentalmente se encontraba incapacitado para otor-
gar una escritura. Esta alegación de ser cierta hubiera per-
mitido a la demandante recobrar la propiedad. La corte in-
ferior declaró probado que la prueba en este sentido era en-
teramente deficiente y no vemos razón por la que deba mo-

dificarse la sentencia debido a la supuesta incapacidad del causante.

También trató de probar la demandante que no existió causa para la venta de la propiedad y que el demandado fué el único testigo que declaró tendente a demostrar el traspaso. Pero se admite en la demanda y aparece de la prueba, que medió una escritura. En cuanto al pago, la falta de causa tenía que probarla la demandante, lo que no se hizo de modo satisfactorio en la corte inferior.

La corte inferior no cometió error al negarse a admitir prueba de que uno de los testigos instrumentales en la escritura era concuñado del notario. Este es un grado que parece no estar incluído en la Ley Notarial, pero este motivo de nulidad no se alegó en la demanda, era más bien una irregularidad que un verdadero error y no podía afectar a la validez del contrato como documento privado entre las partes.

El único otro error alegado se refería a la prueba que se ofreció para impugnar la veracidad de uno de los testigos del demandado cuya declaración tendía a probar que la propiedad era privativa del marido, que éste era de sano juicio y que existió causa. La cuestión precisa fué que después de permitir la demandante que el testigo declarara sin hacerse objeción a su capacidad y sin repreguntársele, ofreció prueba de refutación para probar la incapacidad del testigo. Las autoridades muestran que generalmente esta clase de objeciones debe hacerse al presentarse el testigo y que es entonces cuando la corte examina al testigo respecto a su capacidad. 40 Cyc., 2237, nota 28 y siguientes; Wigmore, tomo 1, sec. 497; notas al caso de *State* v. *Pujor*, 46 L. R. A. (N. S.) 1030–1031. La forma de impugnar la veracidad de los testigos se expresa en los artículos 156 al 161 de la Ley de Evidencia, no estando comprendido en las distintas formas de impugnar dicha veracidad el atacar a una persona debido a sus facultades mentales. Además, por lo general resultaría que si un testigo pudiera ser atacado en esta forma no terminarían las cuestiones colaterales, lo que constituye una

de las razones por las cuales debe tener lugar por antici- pado un procedimiento sumario. 40 Cyc. 2628, notas 93 y 94.

Sin embargo, la corte tiene discreción y de exigirlo los fines de la justicia, puede hacer un examen en cualquier mo- mento. En este caso no hubo abuso de discreción. El abo- gado debió formular su objeción al ser ofrecido el testigo. Al no hacerlo debió haber hecho algún ofrecimiento que hu- biera justificado la necesidad de presentar la prueba de in- sanidad. El testigo, como muestran los autos, parecía estar cuerdo según el pronunciamiento del juez al formularse la objeción. Los sucesos de que habló, ocurrieron años antes. No se hizo especificación de la fecha en que se supone que el testigo no estaba cuerdo, o respecto al carácter de su lo- cura, pues no toda persona que ha sufrido desequilibrios mentales quedaría excluída de sentarse en la silla de testi- gos. No debe permitirse que se ataque la capacidad mental de ningún testigo de este modo vago. No vemos que exista prejuicio ni error.

Debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados del Toro, Aldrey y Hutchison.

El Juez Presidente Sr. Hernández no tomó parte en la resolución de este caso.